# UNITED STATES DISTRICT COURT
## Northern District of Texas
## Lubbock Division

| | |
|---|---|
| SIDNEY GREEN § | |
| § | CASE NUMBER: |
| § | |
| V.  § | |
| § | |
| § | **DEMAND FOR JURY TRIAL** |
| § | |
| FINANCIAL CREDIT SERVICES, INC. § | |
| D/B/A § | |
| ASSET RECOVERY ASSOCIATES and § | |
| WESTERN SURETY COMPANY § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1. Plaintiff SIDNEY GREEN ("Plaintiff" or "Green") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, *et seq.* ("TDCA") and the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA, the TDCA and the DTPA.

2. Defendant, FINANCIAL CREDIT SERVICES, INC. d/b/a ASSET RECOVERY ASSOCIATES ("ARA") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation to Frost Bank. The obligation ("Debt") required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

### JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.,* against Defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692 and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court for the Northern District of Texas, Lubbock Division because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## THE PARTIES

6. The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Defendant, ARA is a collection agency, believed by Plaintiff to be based in Illinois, and is in the business of collecting consumer debts in the Northern District of Texas. The principal purpose of ARA's business is the collection of consumer debts using the mail and telephone. ARA regularly attempts to collect consumer debts for others. ARA has filed with the Texas Secretary of State a surety bond to engage in debt collection activities in Texas (File No. 20120158). On information and belief, ARA may be in the business of acquiring consumer accounts that are already in default. ARA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). ARA is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7).

8. Western Surety Company ("Western") is the surety company for the bond ARA has on file with the Texas Secretary of State. Western is liable for acts commited

by ARA pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law. Specifically, Western is liable on bond number 71292170.

9. Plaintiff, Sidney Green, ("Plaintiff" and/or "Green") is an individual who resides in Lubbock County, Texas and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

10. Plaintiff moved to San Antonio, Texas in 2009 and opened a bank account with Frost Bank. Purportedly, at some point in 2011 Plaintiff overdrew the bank account creating a debt of approximately $760.00.

11. Plaintiff subsequently move to Lubbock, Texas, where he currently resides.

12. In June 2015 Plaintiff began to receive threatening collection calls from ARA in connection with the purported debt owed to Frost Bank.

13. During these collection calls a debt collector working on behalf of ARA stated to Plaintiff that he had incurred fraudulent charges in connection with the bank account with Frost Bank and that they were now collecting on the debt and that he had to pay $760 in order to not be taken to court.

14. In another collection call this time to the Plaintiff's brother, ARA threatened the Plaintiff's brother with a lawsuit if $760 was not paid.

15. Plaintiff's brother, obviously upset over the threat of being sued for a debt that was not his, went over to Plaintiff's house to confront Plaintiff about the matter.

16. Plaintiff, after visiting with his brother, called ARA back to discuss the account. ARA threatened Plaintiff again with a lawsuit and threatened to call Plaintiff's other brother if the $760 was not paid. At this point Plaintiff paid the $760 so that he and his brothers would not be sued.

17. The foregoing acts and omissions of the Defendant were undertaken by the Defendant willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff.

18. The foregoing acts and omissions of the Defendant were undertaken by the Defendant indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to, or consideration of, the identity or rights of the Plaintiff.

19. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to, stress, humiliation, embarrassment, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

20. All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in his collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Respondeat Superior Liability**

21. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendant.

22. The acts by Defendant and its agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

23. By committing these acts against Plaintiff, these agents of Defendant were motivated to benefit their principal, the Defendant.

24. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by his collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiff.

## COUNT I
## Violations Of The FDCPA

25. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

    a. Calling Plaintiff and stating that he incurred fraudulent charges in connection with the Frost Bank account, which violates 15 U.S.C. § 1692 d, e, e(2), e(7), e(10), f, and amongst others.

    b. Threatening Plaintiff and his brothers with a lawsuit if he did not pay the debt, which violates 15 U.S.C. § 1692 d, e, e(2), e(3), e(5), e(10), f, and f(6) amongst others.

    c. Threatening to and actually disclosing to Plaintiff's brothers that Plaintiff owed a debt, which violates 15 U.S.C. § 1692 b(2), d, e, e(2), e(5), e(10), f, and f6 amongst others.

26. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render them liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

## COUNT II

**Violations of the Texas Debt Collection Act**

27. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to the following:

    a. Calling Plaintiff and stating that he incurred fraudulent charges in connection with the Frost Bank account, which violates Sec. 392.301(a)(2), (a)(3), (a)(6), (a)(8), and 392.304 (a)(3) and (a)(8) amongst others amongst others.

    b. Threatening Plaintiff and his brothers with a lawsuit if he did not pay the debt, which violates Sec. 392.301(a)(2), (a)(3), (a)(6), (a)(8), and 392.304 (a)(3) and (a)(8) amongst others amongst others.

    c. Threatening to and actually disclosing to Plaintiff's brothers that Plaintiff owed a debt, which violates Sec. 392.301(a)(2), (a)(3), (a)(6), (a)(8), and 392.304 (a)(3) and (a)(8) amongst others amongst others.

28. Under Tex. Fin. Code Ann. § 392.403, the Defendant's violations of the TDCA render them liable to Plaintiff for statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

**COUNT III**
**Violations of the Texas Deceptive Trades Practices Act**

29. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to the following:

    a. Pursuant to Tex. Fin. Code Ann. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, ("DTPA") and is actionable under that subchapter.

30. Under Tex. Bus. & Com. Code Ann. § 17.50(b)(2), the Defendant's violations of the DTPA render them liable to Plaintiff for injunctive relief and reasonable attorney's fees.

## COUNT IV
## Invasion of Privacy by Intrusion Upon Seclusion

31. The Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

32. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its finings:

> **Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

33. Defendant and/or its agents intentionally and/or negligently and/or recklessly interfered, physically or otherwise, with the solitude, seclusion and or private concerns of affairs of Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

34. Defendant and its agents intentionally and/or negligently and/or recklessly caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

35. The conduct of Defendant and its agents, in engaging in the above described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant, which occurred in a way that would be highly offensive to a person in that position. In applying the "least sophisticated consumer"

standard, such conduct on the part of Defendant was, and is, reprehensible and compensable.

36. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at trial.

## COUNT V
### Exemplary Damages

37. In addition, exemplary damages should be awarded against Defendant because Defendant's conduct—the use of lies, false lawsuit claims and threats, and disclosing same to third parties—was reckless, malicious and intentional.

38. Plaintiff seeks recovery of all actual, statutory, and exemplary damages available to Plaintiff, in addition to attorney's fees and costs.

## PRAYER FOR RELIEF

Plaintiff, Sidney Green, prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA, TDCA and the DTPA;

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA;

3. Enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, exemplary damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or Tex. Fin. Code Ann. § 392.403;

4. Grant such further relief as deemed just.

Respectfully submitted,

Heston Ciment, PLLC

/s/ Daniel J. Ciment
_____
James B. Heston
Texas Bar No. 00787689
Daniel J. Ciment
Texas Bar No. 24042581
1800 S. Mason Rd.,
Suite 240
Katy, TX 77450
713-270-4833 – phone
713-583-9296 – fax
Daniel@HestonCiment.com
ATTORNEYS FOR PLAINTIFF